TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel: (212) 354-0025
Fax: (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KNIT SHIPPING BVI,                                         :

                  Plaintiff,                   :

    - against -                                             :

LUCCHINI PIOMBINO S.P.A.,                                  :

                  Defendant.                  :
-----------------------------------------------------------X



JUDGE CHIN

06 CV 1423

RECEIVED
FEB 22 2006
U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, KNIT SHIPPING BVI (hereinafter referred to as "KSB" or "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, LUCCHINI PIOMBINO S.P.A (hereinafter referred to as "Lucchini" or "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Ukraine.

3. Plaintiff was, at all material times, the disponent owner of the M/V "AFRICAN SEA" (hereinafter referred to as the "Vessel"), having chartered the Vessel from its head owners, Park Road Seoul.

4. Under the charter party with Park Road Seoul, Plaintiff was required to redeliver the Vessel to Park Road by September 17, 2005.

5. By a charter party dated June 20, 2005, the Plaintiff chartered the Vessel to Defendant.

6. Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with a principal place of business in Italy and was at all material times the Charterer of the Vessel.

7. After loading, the Vessel was due to arrive at Kaohsiung, Taiwan on September 10, 2005 for discharge.

8. As the Vessel was approaching Kaohsiung on September 6, 2005, Plaintiff was informed that the party named in the bill of lading had declined to take delivery of the cargo. In breach of the charter party, Defendant failed to pre-pay the discharge expenses at Kaohsiung, and the Plaintiff therefore had to remit all discharge related costs including stevedore fees and bonded storage costs to the appropriate parties in order to facilitate discharge of the cargo.

9. Furthermore, the numerous delays in discharging the cargo caused by Defendant's breach of the charter party delayed Plaintiff's return of the Vessel to the head owners, causing Plaintiff to incur a $75,000.00 late redelivery fee.

10. In addition to the foregoing, Defendant also breached the charter party by failing to pay demurrage incurred at the first and second load port and discharge costs (i.e. storage of cargo, stevedores overtime, etc.) which are due and payable to Plaintiff under the charter party.

11. Despite Plaintiff's demand Defendant failed to remit payment of the above sums due and owing Plaintiff. Plaintiff asserted a lien over Defendant's cargo in Taiwan. However,

Plaintiff only received payment of $50,639.00 towards storage costs as a result of the lien, which has been credited against Plaintiff's claims.

12. Clause 27 of the "Additional Clauses" to the June 20, 2005 charter party provides that disputes will be settled by arbitration in London with English law to apply.

13. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal Claim: | $197,283.69 |
| B. | 3 years interest at 6% per annum compounded quarterly: | $35,035.24 |
| C. | Arbitration costs and fees: | $25,000.00 |
| D. | Attorneys Fees: | $125,000.00 |
| **Total:** | | **$382,318.93** |

14. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, American Express Bank, Bank of America, Bank of New York, Citibank, HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

15. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States

Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

16. Plaintiff will further seek an order from this court recognizing, confirming and enforcing the anticipated London arbitration award in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq*.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express Bank, Bank of America, Bank of New York, Citibank, HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A which are due and owing to the Defendant, in the amount of **$382,318.93** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. An Order recognizing, confirming and enforcing the final London arbitration award in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq;*

D. That this Court retain jurisdiction over this matter through the entry of any

4

judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

  E.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: February 22, 2006
   New York, NY

            The Plaintiff,
            KNIT SHIPPING BVI

          By: _____
            Patrick F. Lennon (PL 2162)
            TISDALE & LENNON, LLC
            11 West 42nd Street, Suite 900
            New York, NY 10036
            (212) 354-0025 – phone
            (212) 869-0067 – fax
            PLennon@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Town of Southport
County of Fairfield   )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, Connecticut
         February 22, 2006

_____
Patrick F. Lennon